1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE UNITY CARE GROUP,

                    Plaintiff,

        v.

COUNTY OF SANTA CLARA,
CALIFORNIA,

                    Defendant.

Case No.  22-cv-02221-JD

**ORDER RE MOTION TO DISMISS**

Plaintiff Unity Care Group is a non-profit organization that provides services to youth transitioning out of foster care.  Dkt. No. 1 ¶ 2.  From 2008 to 2019, it contracted with defendant Santa Clara County to provide "wraparound services" to improve outcomes for "African Ancestry" children and families in the County's foster care system.  *Id.* ¶¶ 15-18.  Unity Care is led by African American officers and directors.  *Id.* ¶ 75.  It states that it was the County's largest employer of African Ancestry staff and largest service provider to the African Ancestry community.  *Id.*

Unity Care says it was underpaid by the County compared to "white-led" organizations, and that the County defunded and terminated its services without justification.  *Id.* ¶¶19-47.  It alleges that these actions by the County constitute race discrimination under 42 U.S.C. §§ 1981 and 1983.  *Id.* ¶¶ 70-83.  It also alleges violations of Article I of the California Constitution, the Unruh Civil Rights Act, Cal. Civ. Code § 51, and the Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*, and asserts claims for breach of contract, assumpsit, and accounts stated under California law.  *Id.* ¶¶ 70-135.

1    The County asks to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1)

2    and 12(b)(6).  Dkt. No. 14.  The parties' familiarity with the record is assumed, and the complaint

3    is dismissed with leave to amend.

4    The Court has written extensively on the standards governing a Rule 12(b)(6) motion to

5    dismiss, and incorporates that discussion here.  *See Escobar-Lopez v. City of Daly City*, 527 F.

6    Supp. 3d 1123, 1127-28 (N.D. Cal. Mar. 2021).  In summary, Rule 8(a)(2) of the Federal Rules of

7    Civil Procedure requires that a complaint make "a short and plain statement of the claim showing

8    that the pleader is entitled to relief."  To meet that rule, and to survive a Rule 12(b)(6) motion to

9    dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

10   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This calls for "factual content that allows

11   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility analysis is "context-specific" and not

13   only invites but "requires the reviewing court to draw on its judicial experience and common

14   sense."  *Id.* at 679.

15   The complaint as it presently stands does not meet these standards.  To start, the 42 U.S.C.

16   § 1983 claim is untimely on the face of the allegations.  A Section 1983 claim is subject to the

17   two-year statute of limitations in California Code of Civil Procedure § 335.1, and typically accrues

18   "when the plaintiff knows or has reason to know of the injury which is the basis of the action."

19   *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951-52 (9th Cir. 2022) (internal quotations

20   omitted); *see also Khaoone v. Sonoma Cty. Main Adult Det. Facility*, No. 22-cv-04065-JD, 2022

21   WL 16528135, at *1 (N.D. Cal. Oct. 28, 2022).  All of the alleged discriminatory acts by the

22   County are said to have occurred between 2008 and 2019.  *See* Dkt. No. 1 ¶¶ 19-30, 32-36, 43-46.

23   Consequently, the complaint does not describe constitutional violations that accrued within the

24   two years before Unity Care filed suit on April 8, 2022.

25   Unity Care responds that the Section 1983 claim accrued when the County said on

26   September 22, 2020, that it would not implement reconciliation and settlement procedures to

27   calculate the amount it owed Unity Care under its 2018-2019 contract.  Dkt. No. 16 at 5; Dkt. No.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1 ¶ 65.  While this might have violated the parties' contract, Unity Care does not allege or explain how this event is tantamount to unconstitutional conduct actionable under Section 1983.

Unity Care's continuing violations suggestion is also unavailing.  *See* Dkt. No. 16 at 4-5. This exception allows a plaintiff to seek relief for actions that occurred outside the limitations period in narrow circumstances.  *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 746 (9th Cir. 2019).  It may apply when a plaintiff alleges either "a series of related acts, one or more of which falls within the limitations period," or "the maintenance of a discriminatory system both before and during [the limitations] period."  *Id.* (internal quotations omitted).  As a practical matter, "little remains of the continuing violations doctrine" after the Supreme Court's decision in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  *Bird*, 935 F.3d at 748.  "Except for a limited exception for hostile work environment claims--not at issue here--the serial acts branch is virtually non-existent."  *Id.*  Courts have "consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred."  *Id.*  All of this forecloses Unity Care's reliance on the exception to resuscitate the Section 1983 claim.

The claim under 42 U.S.C. § 1981 is not time-barred.  Claims that arise under Section 1981, as amended by the Civil Rights Act of 1991, are subject to the four-year statute of limitations period in 28 U.S.C. § 1658.  *Jones v. R.R. Donelley & Sons Co.*, 541 U.S. 369, 383 (2004).  The 1991 amendment added Section 1981(b), which clarified that the term "make and enforce contracts" includes the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  *Id.* (quoting 42 U.S.C. § 1981(b)).  Unity Care's complaint expressly cites Section 1981(b), and alleges that the County unfairly terminated its contract and withheld payments owed under the contract.  *See* Dkt. No. 1 ¶¶ 72, 76.  Because Unity Care alleges that its contract was terminated without justification in 2019, and that it was underpaid for its 2018-2019 contract, its Section 1981 claim is timely.  *See id.* ¶¶ 46, 65.

The County's suggestion that Section 1981 does not provide a remedy against state actors, Dkt. No. 14 at 9, is misdirected.  *See Yoshikawa v. Seguirant*, 41 F.4th 1109, 1116 (9th Cir. 2022) ("We thus recognize a § 1981 damages action against state actors.").

United States District Court
Northern District of California

1    Limitations periods aside, the complaint does not state a claim under 42 U.S.C. §§ 1981 or

2    1983 because it does not plausibly allege that the County discriminated against Unity Care

3    pursuant to an official policy, custom or practice.  Single or isolated incidents do not give rise to

4    these claims.  *See Escobar-Lopez*, 527 F. Supp. 3d at 1127-28; *Harrison v. City & Cty. of San*

5    *Francisco*, No. 21-cv-07072-JD, 2022 WL 3093303, at *1 (N.D. Cal. June 1, 2022).  The

6    complaint does not provide any facts that might plausibly allege that the County has a policy or

7    practice of underpaying African American-led organizations.  *See* Dkt. No. 1 ¶¶ 19-23, 25-31.

8    So too for the allegation that the County omitted language from Unity Care's contracts that

9    would have protected Unity Care from discrimination.  *Id.* ¶ 24.  There are no factual allegations

10   that this was a policy or practice, or that other groups typically received more favorable contracts.

11   *See id.*

12   Overall, the Section 1981 and 1983 allegations do not plausibly allege that the County

13   acted pursuant to a policy of discrimination "so persistent and widespread as to practically have

14   the force of law."  *See Connick v. Thompson*, 563 U.S. 51, 60-61 (2011).

15   That resolves all of the federal claims, which are the basis of the Court's subject matter

16   jurisdiction in this case.  The Court declines to exercise supplemental jurisdiction over the state

17   law claims until a plausible federal claim is alleged.  18 U.S.C. § 1376(c)(3); *Parra v. PacifiCare*

18   *of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Doe v. City of Concord*, No. 20-cv-02432-JD,

19   2021 WL 3140782, at *2 (N.D. Cal. July 26, 2021).  Unity Care may file an amended complaint

20   by January 17, 2023.  It may not add new claims or defendants without the Court's prior approval.

21   A failure to meet this deadline will result in dismissal under Federal Rule of Civil Procedure

22   41(b).

23   **IT IS SO ORDERED.**

24   Dated:  December 29, 2022

25

26

27   _____
     JAMES DONATO
     United States District Judge

28

4